RAMÓN SERRANO LÓPEZ, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Respondent and Appellee.

No. 12168. Submitted March 20, 1958. Decided March 24, 1958.

*Ramón Serrano López* in his own right. *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General, Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal,* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

PER CURIAM.

The petitioner was convicted and sentenced by the court to serve an indeterminate sentence of 10 to 12 years' imprisonment in the penitentiary for the crime of attempt against nature as a second offense. Thereafter he filed in the Superior Court, San Juan Part, a petition for habeas corpus which was subsequently transferred to the Caguas Court, alleging that he was not duly assisted by counsel at the trial. After a hearing the court denied the petition for habeas corpus. The petitioner appealed to this Court. His only assignment of error is that the court erred in denying his petition for habeas corpus.

■ The evidence adduced by the petitioner at the hearing of the habeas corpus—as summarized by the *Fiscal* of this Court—consisted of his own testimony which may be summed up as follows:

"At the end of December petitioner was summoned for arraignment and was represented by Mr. Mimoso who pleaded not guilty and requested a trial by jury. Later the presiding judge appointed Mr. José González Quiñones as defendant's counsel. That he did not see this attorney thereafter. On the day of the trial (September 7, 1954) this attorney did not appear and the court appointed Mr. Díaz Marxuach to defend him. It was defendant's wish to be tried by jury and he was tried by the court without his having waived his right to a trial by jury. That he did not commit the crime but was framed by two enemies of his. (Tr. ev. 2–4.)

"At the end of petitioner's testimony the court said:

" 'Petition for habeas corpus is granted. It appears from the record that Mr. Díaz Marxuach appeared in representation of Mr. González Quiñones.'

"Immediately the prosecution moved for the reconsideration of the court's order and asked for an opportunity to present evidence, which consisted of the testimony of Mr. Díaz Marxuach, and which may be summarized thus:

"That during the month of September 1954, he defended petitioner herein of the crime against nature as a subsequent offense. He pointed out that on that day he was appointed as petitioner's attorney and at the same time he appeared in the

name of his colleague Mr. González Quiñones, who was unable to appear and with whom he has office in partnership where they work together. He stated that he was acquainted with the case because of his association with Mr. González Quiñones. He continued testifying that before entering into trial he conferred with the defendant and after that interview he informed the court that he was ready to enter trial.

"Upon being asked by the judge he stated that when he announced that he was ready he was actually ready and could enter trial. (Tr. ev. 5–6.)

"After the witness for the prosecution testified, petitioner stated that Mr. Díaz Marxuach 'hardly consulted with me. He went to the room and told me, this is a very ugly crime, plead guilty. I told him that one who has committed a crime is guilty, but I did not do it, it was committed by those two individuals for personal reasons.' (Tr. ev. 7.)

"After the arguments of both parties the court said:

" 'After hearing the evidence presented in this habeas corpus the court believes that you were duly assisted by counsel, that you waived trial by jury first through your attorney and later by you personally and that the case was tried by the court and after hearing the evidence the court found you guilty. By virtue thereof the petition for habeas corpus is hereby denied. You may leave.' (Tr. ev. 7.)"

On the day of the arraignment the court appointed Mr. José González Quiñones to assist defendant in the prosecution of the case. This attorney could not appear at the trial but he was represented by his partner Mr. Díaz Marxuach, who was also appointed by the court as defendant's counsel. Mr. Díaz Marxuach was acquainted with the case and after interviewing the defendant he defended him at the trial. It can not be said as in the case of *People* v. *Caride*, 71 P.R.R. 220, that the appointment of Mr. Díaz Marxuach was pro forma. See *People* v. *Rodríguez*, 69 P.R.R. 913. We conclude that the petitioner was not deprived of his constitutional right of assistance of counsel.

However, the sentence imposed on the petitioner by the Superior Court, Caguas Part, does not conform to law and the same should be set aside. The defendant should be

resentenced pursuant to the provisions of §§ 50, 56(2) and 278 of the Penal Code (33 L.P.R.A. §§ 96, 131 and 1118) and to the doctrine laid down in *People* v. *Superior Court*, 78 P.R.R. 135 and *Sánchez* v. *Warden, ante*, p. 154, with respect to the reasonableness of the margin between the minimum and maximum sentence.